UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNIE STEELE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | CASE NO.　　C05-5048FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for January 13, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the Administration's final decision.

FACTUAL AND PROCEDURAL BACKGROUND

At the time of her administrative hearing, Ms. Steele was 44 years old. She completed 11th grade and received a GED. She has past relevant work as a mail carrier and a sales representative. Plaintiff was laid off from her job as a mail carrier in June 1998. She was offered a position with the Postal Service in 1999 but she did not take the job as she thought she was having heart problems. Also, she was home schooling her children at that time. She home schooled her three daughters in 1999 and 2000 and continued to home school her oldest daughter for another two years.

Ms. Steele filed her initial application for Disability Insurance Benefits on May 18, 2001, alleging

REPORT AND RECOMMENDATION
Page - 1

disability since June 29, 1998. Ms. Steele alleges disability due a combination of severe mental and physical impairments. Specifically, plaintiff alleges limitations due to migraine headaches, anxiety attacks, tendonitis in her shoulder, degenerative disc disease, gynecological pain, pain in her neck and back, difficulty standing due to ankle swelling and pain, difficulty sitting, difficulty sleeping and digestive problems.

Her application was denied on September 4, 2001, and she filed her Request for Reconsideration one week later on September 11, 2001. The Request for Reconsideration was denied on October 15, 2001. She filed her Request for Hearing on November 6, 2001. Her hearing was held on March 27, 2003. Her case was heard by Administrative Law Judge Cheri L. Filion, hereinafter referred to as, "ALJ'. The ALJ issued an unfavorable decision on January 30, 2004, and plaintiff filed a Request for Review of the Hearing Decision on February 12, 2004. The Appeals Council affirmed the decision of the ALJ on December 3, 2004.

Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Ms. Steele raises the following issues on appeal: 1) The ALJ erroneously determined that Ms. Steele's headaches, chronic pain and mental impairments would not prevent her from performing the full range of sedentary and light work; 2) The ALJ improperly rejected the medical opinions of the consultative examiners and did not provide clear and convincing reasons for disregarding those opinions; 3) The ALJ improperly rejected or did not consider the combined effect and severity of Ms. Steele's exertional and non-exertional impairments; 4) The ALJ failed to retain the services of a vocational specialist; 5) The ALJ improperly disregarded Ms. Steele's subjective complaints and fails to provide legitimate reasons for rejecting her subjective complaints; and 6) The ALJ improperly discounted lay witness testimony and statements.

After carefully reviewing the administrative record, the court finds the ALJ's decision is free of legal error and properly supported by substantial evidence. The undersigned recommends that the Court affirm the administrative decision.

### DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the

1   decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th
2   Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant
3   evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
4   402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla
5   but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
6   Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational
7   interpretation, this Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579
8   (9th Cir. 1984).

9       The burden is on the claimant to prove that she is disabled within the meaning of the Social
10  Security Act. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Disability is the "inability to
11  engage in any substantial gainful activity by reason of any medically determinable physical or mental
12  impairment which can be expected to result in death or which has lasted or can be expected to last for a
13  continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 423(d)(1)(A). A claimant is
14  disabled only if her impairments are of such severity that she is not only unable to do her previous work but
15  cannot, considering age, education, and work experience, engage in any other substantial gainful activity
16  existing in the national economy. See 42 U.S.C. §§ 423(d)(2)(A), 1382c (a)(3)(B).

17      In the case at hand, the ALJ applied the five-step sequential evaluation process for determining
18  whether a claimant is disabled. See 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not
19  engaged in substantial gainful activity since her alleged disability onset date. At step two, the ALJ found
20  that Plaintiff's anxiety disorder versus depression versus personality disorder; muscle contracture
21  headaches; degenerative disc disease of the lumbar spine; lower back strain; left shoulder strain; tendonitis;
22  and obesity were severe impairments  At step three, the ALJ found that Plaintiff's impairments did not
23  meet or equal the requirements of a listed impairment  The ALJ further determined that Plaintiff had the
24  residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and
25  walk for up to six hours in an eight-hour day; sit, with normal breaks, up to six hours in an eight-hour day;
26  and perform simple repetitive tasks as well as some detailed and complex tasks. At step four, the ALJ
27  found that Plaintiff was able to perform her past work as a phone service representative or food service
28  worker.  Having found Plaintiff not disabled at step four, the ALJ did not make a finding at step five, and

1  thus, the ALJ concluded Ms. Steele was not disabled within the meaning of the Social Security Act.

2  **A. The ALJ properly weighed Ms. Steele's testimony**

3  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*) requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible. After reviewing the ALJ's decision and the administrative record, the court finds that the ALJ properly weighed plaintiff's credibility.  After explaining her decision, the ALJ concluded, "I find the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." Tr. 26.  The ALJ explained this finding in her opinion, as follows:

> Although the claimant alleges that she is completely disabled, that claim is not supported by te record.  There are numerous inconsistencies in the testimony and the evidence that call into question her allegations of total disability.  The claimant stated that she was unable to work because of headaches, but as discussed above, she had headaches when she worked as a mail carrier and was still able to work with the help of medication.  Her most recent testimony is that she obtains significant relief now from the new medications that she is on. The claimant does have some degenerative disc disease, but there is no evidence that it completely disables her.  Dr. Brion stated that the clamant's physical abilities would improve and symptoms decrease if she exercised yet she does not exercise.  Additionally, there is no medical evidence to show any reason whey the clamant is unable to sit as she alleges and one of the examining physicians stated that she was able to do sedentary and light levels of work.  Evidence elsewhere notes her reports of excessive cleaning, tasks that are generally at the light to medium exertion level in the world of work.
>
> There are other reasons to call into question her allegations of total disability.  Her motivation to work at all under any circumstances is in question in this case.  I note that the claimant's work did not end because of any medical condition, but rather because she was laid off.  When offered her position back, she was undergoing testing for cardiac problems that proved to be non cardiac in nature.  At that point there was no real reason why she did not return to work in some capacity.  Yet she did not do so.  She testified that she is home schooling her children, a task that requires her to be at home during the day.  She then testified that she applied for these benefits in order to help with the family budget.  This

program is not designed to be a supplemental income program for families where a parent chooses not to work for reasons unrelated to disability. Additionally, the claimant sees no psychiatrist. The records reveal that she drinks alcohol every day, but she denied this to the evaluating neurologist in Exhibit 19. She complains of dyspepsia, but alcohol can cause and certainly contributes to dyspepsia. While I don't find alcohol to be a significant factor in this case, I noted that her lack of candor with evaluating neurologist suggests that she may not be fully forthcoming on other matters related to her health and this case. Finally, I noted that her orthopedic complaints are mild. She has only occasional sciatic symptoms that then resolve. Given all these inconsistencies in the record, I find that the claimants testimony is not credible. As the objective physical evidence does not support the claimant's allegations regarding her symptoms and abilities and I find her to be not credible, I am unable to find that her conditions are as disabling as she asserts.

Tr. 24-25.

As noted above and cited to in the ALJ's opinion, substantial evidence in the record supports the ALJ's analysis of Ms. Steele's credibility and allegations.

Similarly, the court finds the ALJ properly weighed and disregarded statements made by lay witnesses stating and supporting total disability. The ALJ need not address evidence in her decision if it is not probative. Vincent ex. rel. Vincent v. Heckler, 739 F.3d 1393, 1395 (9th Cir. 1984). Testimony from lay witnesses is of "particular value" when the witness sees the claimant every day. Smolen, 80 F.3d at 1289.

Here, the lay witness, Ms. Brown indicated that she saw Plaintiff only at family get-togethers and talked to her regularly by telephone (Tr. 108). She indicated that Plaintiff sometimes was distracted, had problems with her memory, and at times was anxious and cranky (Tr. 109). The ALJ's finding that Plaintiff was limited to simple repetitive tasks is consistent with Ms. Brown's lay witness statement. Further, the ALJ's finding that Plaintiff could not perform her past work as a mail carrier is also consistent with Ms. Brown's statement that Plaintiff could not return to this job because it was "too duty" (Tr. 113). However, Ms. Brown's opinion that Plaintiff could not physically work is not an "observation" from a lay witness that was probative evidence that the ALJ needed to address. Vincent, 739 F.3d at 1395.

**B. The ALJ properly weighed the medical evidence in the record**

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler,

722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996).  In <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff contends the ALJ erroneously failed to consider the complete opinion of Dr. Brion and the opinion of Dr. Kent.  The ALJ reviewed and summarized the opinions of Dr. Brion and Dr. Kent in her opinions.

With respect to Dr. Kent, the ALJ noted that he did a psychological evaluation of Ms. Steele on May 5, 2003, and wrote, "Dr. Kent stated that the claimant should be able to perform simple and repetitive tasks without difficulty.  She stated that detailed and complex tasks might be slightly more difficult, but that the claimant should be able to do some of these types of tasks on an intermittent basis (Exhibit 20F)." Tr. 22.  With respect to Dr. Brion, the ALJ noted that on June 26, 2003, Dr. Brion diagnosed a shoulder strain and chronic low back pain, but that she retained the ability to lift 10 to 20 lbs. (Exhibit 21F).  Tr. 22.

The medical evidence in the record as a whole, supports the ALJ's findings that plaintiff is not disabled and capable of working.  Plaintiff argues the ALJ correctly did not interpret Dr. Kent and Dr. Brion's opinions.   The medical record contains conflicting evidence.  Confronted with contradictory evidence regarding the level of severity of mental impairments (between Dr. Bloomgarden and Dr. Kent) the ALJ gave "the claimant the benefit of the doubt" and weighed Dr. Kent's opinion more heavily and thus, assigned some moderate level mental problems.  Tr. 24.  The ALJ also gave Dr. Brion's physical assessment that plaintiff was able to carry 10 to 20 lbs significant weight.  The ALJ properly weighed the medical evidence and in conjunction with the ALJ's findings regarding plaintiff's allegations of total disability discussed above, concluded Ms. Steele retained the capacity to perform past work which was consistent with the medical records.

**C. The ALJ Was Not Required to Call A Vocational Expert**

Plaintiff has the burden of showing that she can no longer perform her past relevant work. *See* 20 C.F.R. § 404.1512(a), 404.1520(f); Barnhart v. Thomas, 540 U.S. 20, 124 S.Ct. 376, 379 (2003) ("unless [claimant] shows that he cannot [perform past relevant work], he is determined not to be disabled"); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). Plaintiff was unable to meet this burden. The ALJ's step-four finding that Plaintiff could perform her past relevant work as a phone service representative was supported by the medical evidence and the ALJ's findings regarding Ms. Steele's credibility. Plaintiff argues that the ALJ erred by not calling a vocational expert and improperly relying on the Medical-Vocational Guidelines at step-five of the sequential evaluation process. However, the ALJ did not make a step-five finding as she found Plaintiff not disabled at step-four. Accordingly, Plaintiff's argument is without merit.

## CONCLUSION

Based on the foregoing, the Court should AFFIRM the administration's decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 13, 2006**, as noted in the caption.

DATED this 29th day of December, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge